

KASSRA P. NASSIRI (215405)
(knassiri@nassiri-jung.com)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Attorneys for Plaintiff

*FILED*
2013 JUN 17 P 3: 27
...RD W. WIEKING
....S DISTRICT COURT
...RICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*SBA*

| | |
|---|---|
| MARK LEEVAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE INTERNATIONAL, a foreign company; CREDIT SUISSE SECURITIES (USA) LLC, a Delaware limited liability company; and DOES 1-100,<br><br>Defendants. | Case No. **CV 13 2783**<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

1   Plaintiff Mark Leevan brings this federal securities law class action complaint on

2   behalf of himself and all others similarly situated, and makes the following allegations, based

3   upon personal knowledge as to himself and on information and belief as to other matters.

4   Plaintiff's information and belief is based upon, among other things, (i) the investigation of

5   his undersigned counsel; (ii) a review of public filings with the United States Securities and

6   Exchange Commission ("SEC"); (iii) review and analysis of publicly-available trading

7   information, press releases, market analyses and articles and news reports in the general and

8   financial press.  Most of the facts supporting the allegations contained herein are known only

9   to Defendants or are within their control.  Plaintiff believes that substantial additional

10   evidentiary support will exist for the allegations set forth herein after a reasonable

11   opportunity for discovery.

12                      **I.    INTRODUCTION**

13   1.    Plaintiff brings this class action pursuant to §§9 and 10(b) of the Securities

14   Exchange Act of 1934 (the "Exchange Act"), on his own behalf and on behalf of all other

15   persons or entities who purchased or otherwise acquired common stock of Energy

16   Conversion Devices, Inc. ("ECD") on or after June 18, 2008.

17   2.    This case is about a fraudulent scheme to manipulate the market for the

18   common stock of ECD.  The facts and circumstances underlying this action concern a public

19   offering of 4,714,975 shares of ECD common stock on June 18, 2008 (the "Offering").  The

20   ECD common stock prospectus supplement filed with the SEC and dated June 18, 2008

21   ("Common Stock Prospectus") disclosed that 3,444,975 shares being offered were shares

22   being loaned to the Credit Suisse defendants pursuant to a share lending agreement ("Share

23   Lending Agreement"). Through a series of actions described herein, including a public

24   offering, a concurrent offering of convertible notes, and a share lending agreement between

25   ECD and Defendants, Defendants removed the normal market breaks on short sale activity

26   and permitted extraordinary short selling of ECD stock.  This short selling drove the price of

27

28

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

1  ECD common stock down from $72 per share on June 18, 2008, to less than $1 in February

2  2012, when ECD filed for bankruptcy protection.

3                              **II.   PARTIES**

4          3.      Plaintiff is an individual residing in California who purchased ECD common

5  stock on multiple occasions during the class period, including the purchase of 500 shares on

6  October 17, 2008, and who suffered losses as a result of the federal securities law violations

7  alleged herein.

8          4.      Defendant Credit Suisse International is an unlimited liability company

9  domiciled in in the United Kingdom, doing business in the United States.

10         5.      Defendant Credit Suisse Securities (USA) LLC is a Delaware limited liability

11  company headquartered in New York, New York.  Credit Suisse Securities (USA) LLC acted

12  as a managing underwriter in the June 18, 2008 offering alleged herein.

13         6.      Defendants Credit Suisse International and Credit Suisse Securities (USA)

14  LLC shall be referred to together as the "Credit Suisse Defendants."

15         7.      Plaintiff is unaware of the true names and capacities of those defendants sued

16  herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such

17  fictitious names.  These Doe Defendants are individuals and entities, including hedge funds,

18  that purchased the convertible bonds and/or engaged in short selling of ECD common stock

19  as alleged herein.  Plaintiff will seek leave of Court to amend this Complaint when such

20  names are ascertained.  Plaintiff is informed and believes and, on that basis, alleges that each

21  of the fictitiously-named defendants was responsible in some manner for, gave consent to,

22  ratified, and/or authorized the conduct herein alleged and that Plaintiff's damages, as herein

23  alleged, were proximately caused thereby.

24         8.      The Credit Suisse Defendants were party to the share lending agreement

25  ("Share Lending Agreement") described in the Common Stock Prospectus and the "3.00%

26  Convertible Senior Notes due 2013" prospectus supplement filed with the SEC and dated

27  June 18, 2008 ("Convertible Notes Prospectus").

28

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

1    9.    The Credit Suisse Defendants prepared and/or substantially contributed to the

2    misleading statements in the Common Stock Prospectus as alleged herein.

3                    **III.    JURISDICTION AND VENUE**

4    10.    The claims asserted herein arise under and pursuant to §§ 9 and 10(b) of the

5    Exchange Act and Rule 10b-5 promulgated thereunder.

6    11.    This Court has jurisdiction over the subject matter of this action pursuant to

7    28 U.S.C. §§ 1331 and 1337, and § 27 of the Exchange Act.

8    12.    Venue is proper in this District pursuant to § 27 of the Exchange Act and 28

9    U.S.C. § 1391(b).

10   13.    In connection with the acts, statements, and other wrongful conduct alleged in

11   this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of

12   interstate commerce, including but not limited to, the mails, interstate telephone

13   communications and the facilities of the national securities markets and exchanges.

14                    **IV.    SUBSTANTIVE ALLEGATIONS**

15   14.    ECD was in a capital-intensive industry and had few options to raise money.

16   The Doe Defendants targeted ECD for short attacks to collapse ECD's common stock.

17   15.    Defendants worked together to create a scheme designed to create ECD's

18   common stock.  The scheme resulted in package offerings to the Doe Defendants that

19   included the convertible bonds offering and the Share Lending Agreement (the "Packages").

20   16.    The Packages manipulated the market for ECD stock by eliminating high

21   borrowing costs that would normally deter massive short selling.  The Share Lending

22   Agreement allowed Defendants to borrow common stock from ECD virtually for free.  The

23   convertible bonds practically eliminated the risk of short squeezes associated with aggressive

24   short positions, because the bonds provided long-side protection for the shorts.

25   17.    In order for the scheme to work, a successful public offering of ECD common

26   stock, including the 3,444,975 ECD shares borrowed by Defendants pursuant to the Share

27   Lending Agreement, was required.  The Credit Suisse Defendants intentionally and

28

3

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

knowingly caused the Common Stock Prospectus and Convertible Notes Prospectus to include materially false and misleading statements.

18.     The Prospectuses disclosed that ECD would simultaneously issue a convertible note and common shares.  The disclosures stated that some investors may short the common shares as a supposed "hedge" against their investment in the convertible notes. The Convertible Notes Prospectus stated that an affiliate of the underwriter "*has agreed to use the borrowed shares to facilitate the establishment by investors in the notes, and certain other of our securities, of hedge positions in such securities.*"

19.     Similarly, the Common Stock Prospectus stated that:

> We will not receive any proceeds from the sale of the borrowed shares in this offering, but we will receive a nominal lending fee of $0.01 per share from CSI for the use of these shares.  CSI will receive all the proceeds from the sale of the borrowed shares, and it has agreed to use the borrowed shares to facilitate privately negotiated transactions or short sales by which investors hedge their investments in the notes . . ."

20.     These disclosures are entirely false and misleading.  In reality, it was the bonds that were being used as a hedge against the shorting of the stock by the Doe Defendants.  The disclosures misleadingly suggest that the short positions were to make the convertible notes more attractive by facilitating a net long or (at best) neutral position by the Doe Defendants.  The opposite was true:  the convertible notes were designed to facilitate a net short position by the Doe Defendants by taking away the risks associated with large short positions, and the Credit Suisse Defendants knew it.

21.     The Credit Suisse Defendants intentionally made these false and misleading statements in order to induce purchase of ECD common stock in the public offering.  No ordinary investor would have purchased the common stock in the offerings if they understood they were getting into a stock that was highly vulnerable to short attacks.

22.     After the June 18, 2008 public offering, the short volume steadily rose to more than double what it had been on the date of the offering.  By February 14, 2012, when ECD

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

filed for bankruptcy protection, the short attacks caused the stock price that had been trading at $72 per share to collapse completely.

23.     As alleged herein, Defendants were able to execute this scheme by putting together the Packages designed to facilitate large short positions, and by issuing misleading statements in connection with the common stock offering.  Plaintiff and other ordinary investors were lured into purchasing the stock at artificially inflated prices and/or where they otherwise would not have purchased to stock at all.  Upon completion of the offering and implementation of the Packages, ECD stock became a target for massive and prolonged short attacks.  These attacks steadily eroded the price of ECD common stock and ultimately caused ECD to plunge into bankruptcy.  As a result, Plaintiff and members of the Class suffered economic loss.

24.     Plaintiff is entitled to a presumption of reliance under *Affiliated Ute v. United States*, 406 U.S. 128 (1972) because the claims asserted herein against Defendants are primarily predicated upon omissions of material facts of which there was a duty to disclose.

25.     In the alternative, Plaintiff is entitled to a presumption of reliance under the fraud on the market doctrine, first set forth in *Basic v. Levinson*, 485 U.S. 224 (1988), on Defendants' material misrepresentations and omissions for the following reasons:

   a. ECD's publicly-traded securities were actively traded in an efficient market on NASDAQ during the Class Period;

   b. ECD was a regulated issuer and filed periodic report with the SEC;

   c. ECD regularly communicated with public investors via established market communication techniques;

   d. The market reacted to public information disseminated by ECD and its underwriters;

   e. The material misrepresentations and omissions alleged herein would tend to induce a reasonable investor to misjudge the value of ECD's shares; and

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

f.   Without the knowledge of the misrepresented or omitted material facts alleged herein, Plaintiff and other Class members purchased ECD securities between the time Defendants misrepresented or failed to disclose material facts and the time ECD filed for bankruptcy protection.

26.   In addition to the foregoing, Plaintiff is entitled to a presumption of reliance because Defendants failed to disclose material information throughout the Class Period.

27.   Defendants acted with scienter in that they knew, at the time they issued them, that the public documents issued or disseminated in the name of ECD were materially false and misleading or omitted material facts; knew that such statements or documents would be issued or disseminated to the investing public; knew that members of the investing public were likely to reasonably rely on those misrepresentations and omissions; and knowingly and substantially participated or were involved in the issuance or dissemination of such statements or documents as primary violations of the federal securities law.  Defendants, by virtue of their receipt of information reflecting the true facts regarding ECD and the Package offerings, and/or their association with the companies which made them privy to confidential proprietary information concerning ECD and the parties involved with the Package offerings, participated in and knew of the fraudulent scheme alleged herein.  Defendants knew and or recklessly disregarded the falsity and misleading nature of the information which they cause to be disseminated to the investing public.

28.   Defendants' false and misleading statements and omissions do not constitute forward-looking statements protected by any statutory safe harbor.

## V.   CLASS ALLEGATIONS

29.   Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of a "Class" consisting of all those who purchased the securities of ECD on or after June 18, 2008, inclusive, (the "Class Period") and who were damaged thereby.

6

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

30.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, ECS's stock was actively traded on NASDAQ, an efficient market.  While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are at lease hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by ECD or its transfer agent, and may be notified of the pendency of this action by mail using a form of notice customarily used in similar securities class actions.

31.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of the Federal securities laws complained of herein.

32.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in securities class actions of this type.

33.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual Class members.  Among the questions of law and fact common to the Class are:

> a.  Whether the Federal securities laws were violated by Defendants'' conduct or statements as alleged herein;
>
> b.  Whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about ECD and the offering;
>
> c.  To what extent the members of the Class have sustained damages, and the proper measure of damages suffered.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  As the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for Class members to redress individually

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

1  the wrongs done to them. Furthermore, there will be no difficulty in the management of this
2  action as a class action in this Court.

3                                    **COUNT I**

4  **(Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated**
   **Thereunder Against All Defendants)**
5

6         35.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

7         36.    During the Class Period, Defendants carried out a plan which was intended to,
8  and did, (a) deceive the investing public, including Plaintiff and the Class; (b) artificially
9  inflate the market price of ECD securities; and (c) cause Plaintiff and the Class to purchase
10 ECD publicly-traded securities at artificially inflated prices.

11        37.    Defendants (a) employed devices, schemes, and artifices to defraud; (b) made
12 untrue statements of material fact and/or omitted to state material facts necessary to make the
13 statements not misleading; and (c) engaged in acts, practices, and a course of conduct which
14 operated as a fraud and deceit upon the purchase of ECD securities in an effort to maintain
15 an artificial demand and artificially high market price for ECS securities in violation of §
16 10(b) of the Exchange Act and Rule 10b-5. Defendants are sued either primary participants
17 in the wrongful and illegal conduct charged herein.

18        38.    Defendants, individually and in concert, directly and indirectly, by the use,
19 means or instrumentalities of interstate commerce and/or of the mails, engaged and
20 participated in a continuous course of conduct to conceal the adverse material information as
21 specified herein.

22        39.    Defendants' primary liability arises from the fact that they were privy to and
23 participated in the creation of the prospectuses, and were aware of the dissemination of
24 information to the investing public which they knew or recklessly disregarded was materially
25 false and misleading.

26        40.    Defendants had actual knowledge of the misrepresentations and omissions
27 alleged herein, or acted with reckless disregard for the truth in that they failed to ascertain

28

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

1   and to disclose such facts, even though such facts were available to them.  Defendants' acts

2   were done for the purpose and effect of concealing the scheme alleged herein from the

3   investing public, and in order to induce the purchase of ECD securities by the investing

4   public.

5        41.     As a result of Defendants' wrongful conduct, the market prices of ECD were

6   artificially inflated during the Class Period.  In ignorance of the fact that ECD securities were

7   artificially inflated, and relying directly or indirectly on the false and misleading statements

8   made by Defendants, or upon the integrity of the market in which the securities trade, and/or

9   on the absence of material adverse information that was known to or recklessly disregarded

10  by Defendants but not disclosed in public statements by Defendants during the Class Period,

11  Plaintiff and the Class acquired ECD securities during the Class Period at artificially high

12  prices and were damaged thereby.

13       42.     At the time of said misrepresentations and omissions, Plaintiff and the Class

14  were ignorant of their falsity and believed them to be true.  Had Plaintiff and the Class

15  members and the marketplace known of the truth, Plaintiff and the Class members would not

16  have purchased or otherwise acquired ECD publicly-traded securities, or, would not have

17  done so at the artificially inflated prices which they paid.

18       43.     By virtue of the foregoing, Defendants have violated § 10(b) of the Exchange

19  Act, and Rule 10b-5 promulgated thereunder.

20       44.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff

21  and members of the Class suffered damages in connection with their respective purchases

22  and sales of ECD publicly-traded securities during the Class Period.

23                                   **COUNT II**

24            **(Violation of Section 9 of the Exchange Act Against All Defendants)**

25       45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26

27

28

9

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

46.     Defendants violated Section 9 of the Exchange Act, including section 9(d), in that they affected and distorted the normal market dynamics and restraints on short selling for ECD publicly-traded securities and engaged in manipulative short sales enabled by the Packages and the false and misleading statements contained in the Prospectuses.

47.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and members of the Class suffered damages in connection with their respective purchases and sales of ECD publicly-traded securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follow:

A.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.     Awarding compensatory damages in favor of Plaintiff and the other members of the Class against all Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 17, 2013                    Respectfully submitted,
                                        NASSIRI & JUNG LLP


                                        _____
                                        Kassra Nassiri
                                        Attorneys for Plaintiff

COMPLAINT FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS