aUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ECD INVESTOR GROUP, et al.,

                        Plaintiffs,                14-CV-08486 (VM)(SN)

      -against-                             **OPINION
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                     **

CREDIT SUISSE INTERNATIONAL, et al.,

                        Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

       On March 28, 2017, Defendants Credit Suisse International and Credit Suisse Securities USA (LLC) (jointly, "Credit Suisse") filed a motion for summary judgment. ECF No. 156. This motion was supported by a declaration by counsel Christopher J. Clark seeking to introduce 119 exhibits. ECF No. 180. Plaintiffs object to and move to strike, in whole or in part, three such exhibits, the declarations of Deborah Burstein, ECF No. 180-116, Tobias Schraven, ECF No. 180-33, and Tucker Martin, ECF No. 180-34.[1] For the following reasons, Plaintiffs' motion to strike is GRANTED as to the Burstein Declaration and GRANTED in part and DENIED in part as to the Schraven and Martin Declarations. Credit Suisse is, however, granted leave to file an updated version of the Burstein Declaration by Wednesday, August 30, 2017.

---

[1] "Because a decision on the motion to strike may affect [a movant's] ability to prevail on summary judgment, it is appropriate to consider the Motion to Strike prior to [the motion for] summary judgment." Faulkner v. Arista Records LLC, 797 F. Supp. 2d 299, 305 (S.D.N.Y. 2011) (citation omitted).

I.        **The Burstein Declaration**

Deborah Burstein is Director and Counsel at Credit Suisse Securities (USA) LLC. ECF No. 180-116 at ¶ 1. Her Declaration, which consists of three paragraphs, refers to a document bearing Bates number CS-ECD0000001 ("CS1"), a spreadsheet that contains a record of all sales of Energy Conversion Devices, Inc. ("ECD") convertible notes and common stock "with or through" Credit Suisse during the Plaintiffs' proposed class period. Id. at ¶ 2. Burstein attests that "each and every purchase of ECD common stock effected with or through [Credit Suisse] during the [class period] can be found in CS1 and any subsequent sale of ECD common stock . . . can also be found in CS1. Therefore, if a particular client purchased ECD common stock through [Credit Suisse] . . . CS1 would reflect a common stock purchase into a specific account relating to the client. The common stock remained in that specific account . . . unless another transaction in CS1 shows the sale of common stock from that client's same account . . . ." Id. at ¶ 3.

Plaintiffs advance two principal arguments in support of their motion to strike the Burstein Declaration. First, they contend that the Declaration should be stricken pursuant to Federal Rules of Civil Procedure 26(a)(1)(A) and 37(c)(1) because Burstein was never disclosed as a fact witness. According to Plaintiffs, Credit Suisse is using Burstein to "testify to new facts" five months after the close of fact discovery, and they have therefore not had the opportunity to test her assertions in discovery. ECF No. 174, Pls.' Br. at 6. Second, they argue that the Declaration is not based on Burstein's personal knowledge as required by Federal Rule of Civil Procedure 56(c)(4) because it fails to explain how Burstein, as an attorney, knows the content of the spreadsheet or the completeness of the trading data therein.

### A. Failure to Disclose Burstein as a Fact Witness

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to designate all individuals "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." A party that has not complied with the initial disclosure rule may not "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

As Credit Suisse contends, however, Burstein, an attorney in Credit Suisse's litigation department who worked on this case, but did no work on the ECD offerings themselves, was not a fact witness "likely to have discoverable information." Instead, it appears evident that the Declaration attempts to serve as a "vehicle[s] placing before the court, relevant admissible documents . . . in a cohesive manner." New York v. Solvent Chem. Co., 218 F. Supp. 2d 319, 331 (W.D.N.Y. 2002). Plaintiffs do not object to the admissibility of CS1, the underlying document that the Burstein Declaration seeks to introduce, and their expert's theory of liability concerning "excess short shares" sold by Credit Suisse expressly relies on CS1's data.

Moreover, Plaintiffs read the Burstein Declaration to attest that CS1 reflects Credit Suisse's hedge fund clients' sales irrespective of whether or not they were executed through Credit Suisse. Plaintiffs argue that the admission of such statement—which would flatly contradict other witnesses' testimony in discovery and the assumptions of both parties' experts—would be tantamount to "sandbagging" them with new evidence at the eleventh hour.

Plaintiffs appear to reach this conclusion by considering only the last sentence of the declaration, which states that common stock purchased by a client from Credit Suisse would remain in that customer's account unless another transaction in CS1 showed that it had been

sold, therefore suggesting that CS1 could also track sales of common stock between Credit Suisse's clients and third parties. This is simply not a credible reading of the Declaration in its totality, which repeatedly states that CS1 records only transactions between Credit Suisse and its clients. No "new factual claim" is made in the Burstein Declaration. It merely asserts that CS1 is a full and accurate record of all transactions in ECD notes and stock made between Credit Suisse and its clients.

Accordingly, Ms. Burstein was not an individual "likely to have discoverable information" subject to the initial disclosure provisions of Rule 26(a)(1)(A), and her Declaration is not excludable under Rule 37(c)(1).

### B. Personal Knowledge

Federal Rule of Civil Procedure 56(c)(4) requires that an affidavit or declaration filed to support a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Declarations that do not comply with this requirement may be stricken from the record. Hollander v. Am. Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999).

The Burstein Declaration is sparse as to the basis of Burstein's knowledge of the integrity of the data contained in CS1, stating only that Burstein was "Director and Counsel" at Credit Suisse. In its briefing, Credit Suisse reveals that Burstein oversaw the collection of the data underlying CS1 that was produced in response to Plaintiffs' discovery requests, was intimately acquainted with the creation of the spreadsheet, and "reviewed the completeness of CS1 in her official capacity." ECF No. 183, Defs.' Mem. at 8–9. While this would be a sufficient basis to admit the Declaration, these assertions appear for the first time in Credit Suisse's memorandum of law opposing the motion to strike and were never declared by Burstein herself. Accordingly,

the Declaration submitted does not "show that the declarant is competent to testify" on the accuracy of CS1 as required by Rule 56(c)(4), and Plaintiffs' motion to strike the Burstein Declaration in its current form is GRANTED.

Federal Rule of Civil Procedure 56(e) grants the Court broad discretion to "give an opportunity to properly support or address the fact" or "issue any other appropriate order" in the event that "a party fails to properly support an assertion of fact . . . as required by Rule 56(c)." In this case, where the Declaration is technically deficient but where Credit Suisse has made a credible showing that the declarant has the requisite personal knowledge to support it, the Court deems it appropriate to provide Credit Suisse an opportunity to submit an amended declaration setting forth the nature of Burstein's involvement with the CS1 spreadsheet and the basis for her opinions regarding the spreadsheet. Credit Suisse shall submit such declaration by Wednesday, August 30, 2017.[2]

## II. The Schraven and Martin Declarations

Tobias Schraven and Tucker Martin are Managing Directors in the Equity Capital Markets Group at Credit Suisse, who participated in the pitching, design, structuring, and execution of the dual convertible note and common stock offerings at issue in this case. ECF No. 180-33, Schraven Decl. at ¶ 2; ECF No. 180-34, Martin Decl. at ¶ 2. Plaintiffs move to strike various paragraphs of the Declarations because they either fail to meet the personal knowledge requirement of Federal Rule of Civil Procedure 56(c)(4), contradict the declarants' prior deposition testimony, or constitute improper lay testimony on subjects requiring scientific, technical, or other specialized knowledge in violation of Federal Rule of Evidence 701(c).

---

[2] For the avoidance of doubt, Credit Suisse may also choose to clarify the statement in Paragraph 3 of the Burstein Declaration to clarify that, consistent with the undisputed record in this case, CS1 does not track transactions between Credit Suisse's clients and third parties, but rather only between Credit Suisse's clients and Credit Suisse.

Plaintiffs seek to strike paragraphs 33–36 of the Martin Declaration, which pertain to Martin's views as to whether Credit Suisse valued ECD as a client, and paragraphs 37–43 of both the Martin and Schraven Declarations, which relate to Credit Suisse's net purchases of ECD common stock and its placement in a segregated account labeled 2M2YG0. Plaintiffs argue that Martin and Schraven's deposition testimony indicated that they were no longer involved in the maintenance of ECD-related accounts after the execution of the Offerings themselves, and therefore would have no personal knowledge of what Credit Suisse did with the borrowed shares during the entirety of the proposed class period.

The standard for the admissibility of a lay witness's declaration is not exacting. If "a reasonable trier of fact could believe the witness had personal knowledge" of the asserted facts, the evidence is admissible. Searles v. First Fortis Life Ins. Co., 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000). Moreover, there is no requirement that the declarant "have personally participated in the events described," and, "in some cases, it may be enough if the [declarant] has personally reviewed the relevant documents." Morrison v. Blitz, No. 88-CV-5607 (MBM), 1995 WL 679259, at *2 (S.D.N.Y. Nov. 15, 1995).

As to paragraphs 33–36, Martin's opinion as to whether Credit Suisse valued ECD as a client is opinion testimony derived from his personal experience in the structuring and execution of the Offerings, and is admissible. As to paragraphs 37–43, though Martin and Schraven may not have directly participated in post-Offerings maintenance of the ECD account, see, e.g., ECF No. 179-15, Martin Dep. Tr. at 66:22-67:9 (noting that he worked on the Offerings "for several months" and did not have further involvement with the Offerings after this period, where "others would have been closer to this transaction in sort of ongoing maintenance"), a reasonable trier of fact could certainly believe that Martin and Schraven would have acquired the basic knowledge

6

about Credit Suisse's post-Offerings repurchase of common stock as this case progressed. Indeed, in addition to participating in "the pitching, structuring, and execution of the convertible notes portion of the [ECD] Offerings," Martin and Schraven have been actively involved in this litigation since at least September 2016, when they were deposed as witnesses. Especially when all parties agree that Credit Suisse created a segregated account—and Plaintiffs' expert David DeRosa relied on the number of shares in this account for his excess short shares calculations—Martin and Schraven shall not be precluded from submitting testimony to this effect.

Paragraph 41 of the Martin Declaration, which states that "Credit Suisse could have sold these additional 721,765 [double print] shares short into the market, but did not do so" and concludes that this fact "is contrary to any allegations that Credit Suisse attempted to negatively impact the ECD stock price" is, however, flatly contradicted by Martin's deposition testimony that there may have been further transactions with the double print shares. See ECF No. 179-15, Martin Dep. Tr. at 80:10-15. Accordingly, because "a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment," Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995) (citation omitted), the Court strikes Paragraph 41 from the Martin Declaration, and shall not consider it in adjudicating the summary judgment motion.[3]

Furthermore, Paragraphs 3 through 10 and Paragraph 20, which deal with the meaning of terms such as hedge ratios and delta-neutral hedging, rely on Martin and Schraven's specialized knowledge as investment bankers and are inappropriate for lay opinion testimony. Federal Rule of Evidence 701(c) bars the admission of lay opinions that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [governing expert opinions]." See

---

[3] Schraven's deposition testimony does not contain such a contradiction, and therefore, the corresponding paragraph in the Schraven Declaration shall not be stricken.

7

Bank of China, New York Branch v. NBM LLC, 359 F.3d 171, 182 (2d Cir. 2004) (holding that testimony reflecting "specialized knowledge [based on] extensive experience in international banking" and "explanations regarding typical international banking transactions or definitions of banking terms" were inadmissible as lay testimony). Indeed, Credit Suisse appears to acknowledge that this is a proper subject for expert testimony because its expert Charles M. Jones testifies extensively regarding these same definitions in both his deposition and expert reports. Accordingly, the Court strikes Paragraphs 3 through 10 and Paragraph 20 from the Martin and Schraven Declarations and shall not consider them in adjudicating the summary judgment motion.[4]

Finally, the Court has considered Plaintiffs' arguments that Paragraphs 26, 47, and 48 are legal conclusions and/or not based on personal knowledge and finds them to be without merit. Paragraph 26 describes the aggregate net hedge ratio with which the ECD convertible notes were marketed, and states the declarants' opinion that they were not required by the Share Lending Agreement to offer any particular hedge ratio. Both Martin and Schraven participated in the marketing of the ECD notes, and they are permitted to offer their opinions about the Share Lending Agreement under which they were issued. Paragraph 47 states their opinions that Credit Suisse did not engage in a scheme to depress the price of ECD stock, and Paragraph 48 states that they are unaware of any evidence that Credit Suisse or their hedge fund clients reaped profits from ECD's stock price decline and bankruptcy given the eventual default of the convertible notes. Such opinions are statements of fact concerning Martin and Schraven's lack of awareness

---

[4] Plaintiffs also argue that Paragraph 19 is improper expert testimony. Paragraph 19, however, merely indicates that Martin and Schraven reviewed the Share Lending Agreement and noted that, in their opinions, it did not contain a definition of hedging or limits on the type of hedging. This testimony is "rationally based on the perception of the witness[es]," Federal Rule of Evidence 701(a), does not require the same level of expertise as the other statements, and therefore shall not be stricken.

of any fraudulent scheme or outsized profits stemming from the conduct alleged in this case, and are admissible.

## CONCLUSION

Plaintiffs' motion to strike is GRANTED in part and DENIED in part. The Declaration of Deborah Burnstein is stricken from the record; however, Credit Suisse may file an amended declaration addressing the deficiencies identified in this Order by Wednesday, August 30, 2017. The Court shall not consider Paragraphs 3 through 10, 20, and 41 from the Martin Declaration and Paragraphs 3 through 10 and 20 from the Schraven Declaration.

The Clerk of Court is respectfully requested to close ECF No. 164.

**SO ORDERED**.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   August 28, 2017
         New York, New York